HAZEL E. McKINNON, Administratrix, Appellant, v. J. C. GUTHRIE, Appellee.

No. 43296.

MARCH 10, 1936.

REHEARING DENIED JUNE 19, 1936.

E. N. Farber, and Roy A. Cook, for appellant.

John Cherny, and Hal W. Byers, H. G. Langdon and C. C. Putnam, for appellee.

RICHARDS, J.—Plaintiff-administratrix brought this law action to recover damages on account of the death of her decedent, Roy McKinnon, in an automobile accident, plaintiff alleging that McKinnon's death was caused by the negligence of defendant. At the close of plaintiff's evidence, upon defendant's motion, the court directed a verdict for defendant, on which judgment was entered and therefrom plaintiff has taken this appeal.

The motion was based on two grounds: First, that plaintiff had failed to show any negligence of defendant that was the proximate cause of the accident, and, second, that the plaintiff had failed to sustain her burden of showing that her decedent was free from contributory negligence. Viewing the record before us in a light as favorable to plaintiff as is reasonably possible, we have come to the conclusion that both issues raised by the motion should have been submitted to the jury, and the motion overruled.

■■■ This occurrence in which the decedent lost his life happened at about 10:30 on the morning of July 24, 1934, upon primary highway No. 11, about two miles south of the city of Independence. At this point the highway extended north and south, was level, the view unobstructed to travelers thereon, and was paved to a width of 18 feet with the usual shoulders on either side. From the east side of the paving, there extended a driveway into the Holgate farm yard. Immediately before the accident, defendant, driving a Hudson automobile, was approaching the place of the Holgate driveway from the north, driving on the west portion of the paving. Decedent driving a Ford was approaching the same place from the south, driving on the east side of the paving. There is evidence from which the jury could have found that defendant, intending to turn into the Holgate farm yard, observed decedent's car approaching from the south at a distance of about 150 feet, looked in the rear vision mirror and saw that no vehicle was approaching from the rear, and started to make the turn into the Holgate driveway; that as he was so doing decedent's car was "right on him"; that decedent pulled his car to his right so that it was traveling partly on the shoulder, but there was not room for decedent's car to pass in front of the then position of defendant's car and as a result the left front fender of defendant's car came in contact with portions of the left-hand side of decedent's car; that decedent's car after passing beyond the point of contact of the cars went over to the west side of the paving and, after skidding about, turned over endwise and came to rest about 150 feet from the place where the cars were in this sideswiping collision. Decedent was found dead about 25 or 30 feet south of the point where his car came to rest. In view of Code section 5032, providing that the operator of a motor vehicle shall, before stopping, turning, or changing the course of such vehicle, first see that there is sufficient space to make such movement in safety, it appears to us that the question of defendant's alleged negligence in doing what he did, and the question whether such negligence, if any, was the proximate cause of the decedent's death, should not have been withdrawn from the jury upon defendant's motion.

■■■ Upon the question of plaintiff's showing of decedent's freedom from contributory negligence, the appellee strenuously contends that the physical facts surrounding this accident estab-

lish as a matter of law that plaintiff's intestate was negligent, in that such physical facts establish that the decedent was driving at an excessive rate of speed. A part of this contention of appellee is dependent upon the calculation of distance to establish which no testimony appears in the record, excepting photographs of the surroundings at the place of the accident. We refrain from assuming, as appellee does, that a dependable or sufficiently accurate measurement of distances can be derived from merely viewing these landscape photographs. We are of the opinion that the physical facts as shown did not establish negligence per se on the part of decedent. On the other hand, there was evidence from which the jury could have found that prior to and up to the moment of the accident decedent was driving upon a level, straight, and unobstructed paved highway, in a country region, at between 40 and 45 miles per hour, nearer 40 than 45; that he was in such close proximity to the Holgate driveway when defendant started to turn onto decedent's righthand side of the pavement that decedent was faced with a sudden emergency that was not of his own making, and of the happening of which he had no previous warning; that it was on account of the sideswiping of the cars in the manner mentioned that decedent's car became uncontrollable with the unfortunate results that followed therefrom. We conclude that the evidence was such that the question of contributory negligence was a matter for the jury to determine.

It follows that the case must be and is reversed.—Reversed.

DONEGAN, C. J., and HAMILTON, PARSONS, ALBERT, ANDERSON, KINTZINGER, and MITCHELL, JJ., concur.